UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

SECURITIES AND EXCHANGE
COMMISSION,

               **Plaintiff,**

    **v.**

ROBERT P. DEPALO, JOSHUA B. GLADTKE,
GREGG A. LERMAN, PANGAEA TRADING
PARTNERS LLC, ARJENT LLC,
ARJENT LIMITED, AND EXCALIBUR ASSET
MANAGEMENT LLC,

               **Defendants,**

**and**

ROSEMARIE DEPALO AND
ALLIED INTERNATIONAL FUND, INC.,

               **Relief Defendants.**

---------------------------------------------------------------------x

| USDS SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 2/5/19 |

No. 15 Civ. 3877 (KMW)

ECF CASE

KMW

**[PROPOSED] FINAL JUDGMENT AS TO
DEFENDANT PANGAEA TRADING PARTNERS LLC**

The Securities and Exchange Commission having filed a Complaint and Defendant

Pangaea Trading Partners LLC ("Defendant") having entered a general appearance; consented to

the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry

of this final Judgment ("Final Judgment"); waived findings of fact and conclusions of law; and

waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

        (a)      to employ any device, scheme, or artifice to defraud;

        (b)      to make any untrue statement of a material fact or to omit to state a material fact

             necessary in order to make the statements made, in the light of the circumstances

             under which they were made, not misleading; or

        (c)      to engage in any act, practice, or course of business which operates or would

             operate as a fraud or deceit upon any person.

        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## II.

        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933

(the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any

means or instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

        (a)      to employ any device, scheme, or artifice to defraud;

2

    (b)      to obtain money or property by means of any untrue statement of a material fact

             or any omission of a material fact necessary in order to make the statements

             made, in light of the circumstances under which they were made, not misleading;

             or

    (c)      to engage in any transaction, practice, or course of business which operates or

             would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $6,500,000, representing its ill-gotten gains as a result of the conduct alleged

in the Complaint. However, Defendant's obligation to pay disgorgement shall be deemed

satisfied upon entry of this Final Judgment by the restitution order entered against Robert P.

DePalo in *New York v. DePalo, et al.*, Indictment No. 01450/2015 (N.Y. Sup. Ct.).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

3

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: ___Feb. 5___, 2019

_Kimba M. Wood_

KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

SECURITIES AND EXCHANGE                  :
COMMISSION,                              :
                                         :
                    Plaintiff,           :
                                         :
    v.                                   :
                                         :      No. 15 Civ. 3877 (KMW)
ROBERT P. DEPALO, JOSHUA B. GLADTKE,     :
GREGG A. LERMAN, PANGAEA TRADING         :
PARTNERS LLC, ARJENT LLC,                :      ECF CASE
ARJENT LIMITED, AND EXCALIBUR ASSET      :
MANAGEMENT LLC,                          :
                                         :
                    Defendants,          :
                                         :
    and                                  :
                                         :
ROSEMARIE DEPALO AND                     :
ALLIED INTERNATIONAL FUND, INC.,         :
                                         :
                    Relief Defendants.   :

---------------------------------------------------------------------x

## CONSENT OF DEFENDANT PANGAEA TRADING PARTNERS LLC

1.    Defendant Pangaea Trading Partners LLC ("Defendant") acknowledges having

been served with the complaint in this action, enters a general appearance, and admits the

Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as provided

herein paragraph 10 and except as to personal and subject matter jurisdiction, which Defendant

admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto

(the "Final Judgment") and incorporated by reference herein, which among other things:

        (a)    permanently restrains and enjoins Defendant from violations of Section

    17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); and Section

10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C. F. R. § 240.10b-5; and

     (b)    orders that while Defendant is liable to pay disgorgement of $6,500,000, representing its ill-gotten gains, such obligation to pay disgorgement shall be deemed satisfied by the restitution order entered in the criminal action against Robert P. DePalo in *New York v. DePalo, et al.*, Indictment No. 01450/2015 (N.Y. Sup. Ct.) ("*New York v. DePalo*").

3.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6.    Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission,

2

within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9.      Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

10.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings" and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

3

the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation [by Defendant ] of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19 ). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees.

4

expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12.     Defendant agrees to waive all objections, including but not limited to, constitutional, timeliness, and procedural objections, to the administrative proceeding that will be instituted when the Final Judgment is entered.

13.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 10/8/18

Pangaea Trading Partners LLC

By: _____

Robert P. DePalo
President
1 Beech Tree Lane
Glen Head, New York 11545

On 8th of Oct, 2018, Robert DePalo a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 10/3/2021

Approved as to form:

_____
Robert Knuts
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
*Attorney for Defendant Pangaea Trading Partners LLC*

5