USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/19

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE
COMMISSION,

                            Plaintiff,

      v.

ROBERT P. DEPALO, JOSHUA B. GLADTKE,
GREGG A. LERMAN, PANGAEA TRADING
PARTNERS LLC, ARJENT LLC,
ARJENT LIMITED, AND EXCALIBUR ASSET
MANAGEMENT LLC,

                            Defendants,

and

ROSEMARIE DEPALO AND
ALLIED INTERNATIONAL FUND, INC.,

                          Relief Defendants.
------------------------------------------------------------x

No. 15 Civ. 3877 (KMW)

ECF CASE

## [~~PROPOSED~~] KMW FINAL JUDGMENT AS TO DEFENDANT ROBERT P. DEPALO

The Securities and Exchange Commission having filed a Complaint and Defendant Robert P. DePalo ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this final Judgment ("Final Judgment"); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, aiding and abetting any violation of Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)] and Rules 17a-3(a)(2) and 17a-3(a)(12) thereunder [17 C.F.R. § 17a-3(a)(2) and 17 C.F.R. § 17a-3(a)(12)], by knowingly or recklessly providing substantial assistance to any member, broker or dealer: (a) in failing to make and maintain ledgers (or other records) reflecting all assets and liabilities, income and expense and capital accounts as required by Rule 17a-3(a)(2) [17 C.F.R. § 17a-3(a)(2)], and (b) in failing to make and maintain a questionnaire or application for employment to be executed by each "associated person" of such member, broker or dealer, which questionnaire contains the specified information set out in Rule 17a-3(a)(12) [17 C.F.R. § 17a-3(a)(12)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $6,500,000, representing his ill-gotten gains as a result of the conduct alleged in the Complaint. However, Defendant's obligation to pay disgorgement shall be deemed satisfied upon entry of this Final Judgment by the restitution order entered against him in *New York v. DePalo, et al.*, Indictment No. 01450/2015 (N.Y. Sup. Ct.).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: __Feb. 5__, __2019__

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE
COMMISSION,

                         Plaintiff,

v.

ROBERT P. DEPALO, JOSHUA B. GLADTKE,        No. 15 Civ. 3877 (KMW)
GREGG A. LERMAN, PANGAEA TRADING
PARTNERS LLC, ARJENT LLC,                      ECF CASE
ARJENT LIMITED, AND EXCALIBUR ASSET
MANAGEMENT LLC,

                         Defendants,

and

ROSEMARIE DEPALO AND
ALLIED INTERNATIONAL FUND, INC.,

                         Relief Defendants.
------------------------------------------------------------------x

## CONSENT OF DEFENDANT ROBERT P. DEPALO

1.     Defendant Robert P. DePalo ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Defendant has been convicted after trial of criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *New York v. DePalo, et al.*, Indictment No. 01450/2015 (N.Y. Sup. Ct.) ("*New York v. DePalo*"), Defendant was convicted of one count of grand larceny in the first degree in violation of NY Penal Law § 155.42; two counts of grand larceny in the second degree in violation of NY Penal Law § 155.40(1); one count of money laundering in the first degree in violation of NY Penal Law §

470.20(1)(b)(ii)(A); three counts of money laundering in the second degree in violation of NY Penal Law § 470.15(1)(b)(ii)(A); one count of scheme to defraud in the first degree in violation of NY Penal Law § 190.65(1)(a); one count of scheme to defraud in the first degree in violation of § 190.65(1)(b); one count of securities fraud in violation of NY General Business Law § 352-c(5); four counts of securities fraud in violation of NY General Business Law § 352-c(6); one count of criminal tax fraud in the second degree in violation of NY Tax Law § 1805; and one count of criminal tax fraud in the third degree in violation of NY Tax Law § 1804. In connection with that conviction, the jury found the facts set out in the jury verdict form that is attached as Exhibit A to this Consent. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *New York v. DePalo*.

3. Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Defendant from violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and from aiding and abetting further violations of Section 17(a) of the Exchange Act, 15 U.S.C. § 78q(a), and Rules 17a-3(a)(2) and 17a-3(a)(12) thereunder, 17 C.F.R. § 17a-3(a)(2) and 17 C.F.R. § 17a-3(a)(12);

(b) permanently bars Defendant, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), from serving as an officer or director of any issuer that has a class of securities registered under Section 12 of the Exchange Act, 15 U.S.C. § 78l or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d); and

2

(c) orders that while Defendant is liable to pay disgorgement of $6,500,000, representing his ill-gotten gains, such obligation to pay disgorgement shall be deemed satisfied by the restitution order entered in the criminal action against him, *New York v. DePalo*.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.



10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the conviction for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or

4

creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.



13. Defendant agrees to waive all objections, including but not limited to, constitutional, timeliness, and procedural objections, to the administrative proceeding that will be instituted when the Final Judgment is entered.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 12/20/18

Robert P. DePalo

On 12/20, 2018, Robert DePalo, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires:

Approved as to form:

Avraham C. Moskowitz, Esq.
345 Seventh Avenue, 21st Floor
New York, NY 10001

Attorney for Defendant

# EXHIBIT A

Verdict Sheet                                                                 Page 1 of 2

# SUPREME COURT OF THE STATE OF NEW YORK

PART __59__          COUNTY __NY__

THE PEOPLE OF THE STATE OF NEW YORK

against

DEPALO, ROBERT

Defendant.

INDICTMENT No. __01450-2015__

JUSTICE __J. MERCHAN__

DATE _____

| COUNT NUMBER | CRIME | GUILTY | NOT GUILTY |
|---|---|---|---|
| 1 | GRAND LARCENY IN THE FIRST DEGREE (as to Roger Allard) | ✓ | |
| 2 | GRAND LARCENY IN THE SECOND DEGREE (as to Graham Corney) | ✓ | |
| 3 | GRAND LARCENY IN THE SECOND DEGREE (as to Philip Harper) | | ✓ |
| 4 | GRAND LARCENY IN THE SECOND DEGREE (as to John Pallister) | ✓ | |
| 5 | MONEY LAUNDERING IN THE FIRST DEGREE | ✓ | |
| 6 | MONEY LAUNDERING IN THE SECOND DEGREE (from on or about AUGUST 1, 2010 to on or about AUGUST 23, 2011) | ✓ | |
| 7 | MONEY LAUNDERING IN THE SECOND DEGREE (from on or about JULY 1, 2010 to on or about APRIL 31, 2013) | ✓ | |

| COUNT NUMBER | CRIME | GUILTY | NOT GUILTY |
|---|---|---|---|
| 8 | MONEY LAUNDERING IN THE SECOND DEGREE (from on or about JANUARY 1, 2012 to on or about DECEMBER 31, 2012) | ✓ | |
| 9 | SCHEME TO DEFRAUD IN THE FIRST DEGREE (10 or more persons) | ✓ | |
| 10 | SCHEME TO DEFRAUD IN THE FIRST DEGREE (more than one person and so obtains property with a value in excess of $1000 from one or more such persons) | ✓ | |
| 11 | SECURITIES FRAUD (from on or about JULY 1, 2010 to on or about DECEMBER 31, 2014) | ✓ | |
| 12 | SECURITIES FRAUD (as to Roger Allard) | ✓ | |
| 13 | SECURITIES FRAUD (as to Graham Corney) | ✓ | |
| 14 | SECURITIES FRAUD (as to Philip Harper) | ✓ | |
| 15 | SECURITIES FRAUD (as to John Pallister) | ✓ | |
| 16 | CRIMINAL TAX FRAUD IN THE SECOND DEGREE (2012 New York Resident Income Tax Return) | ✓ | |
| 17 | CRIMINAL TAX FRAUD IN THE THIRD DEGREE (2010 New York Resident Income Tax Return) | | ✓ |
| 18 | CRIMINAL TAX FRAUD IN THE THIRD DEGREE (2011 New York Resident Income Tax Return) | ✓ | |

_____
**JURY FOREPERSON INITIALS**

BAK
_____  _____
HAF
ADA          DEF.ATTY.

PAGE 2 of 2                                CT. EXH. _____